**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JONES DAY, ) | |
| ) | Case No. 08CV4572 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Darrah |
| ) | |
| BlockShopper LLC, d/b/a Blockshopper.com, *et al.* ) | |
| ) | |
| Defendants. | |

**MOTION OF ELECTRONIC FRONTIER FOUNDATION, PUBLIC CITIZEN,
PUBLIC KNOWLEDGE, AND CITIZEN MEDIA LAW PROJECT
FOR LEAVE TO FILE BRIEF AS AMICI CURIAE
SUPPORTING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S TRADEMARK CLAIMS**

Public Citizen, the Electronic Frontier Foundation, Citizen Media Law Project, and Public Knowledge move the Court for leave to file the accompanying brief as amici curiae, for the following reasons:

1. In this case, a national law firm seeks to suppress speech of which it disapproves – articles reporting on real estate transactions in upscale Chicago neighborhoods that mention its staff – by contending the mention of its name, and linking from the names of its associates to the biography pages for those associates on the Jones Day web site, constitute trademark infringement. If such a claim is sound, and a speaker who links to the web site of any trademark owner without the owner's permission is subject to the substantial expense of defending a trademark suit, the World Wide Web as we know it will cease to function.

2. The Electronic Frontier Foundation ("EFF") is a non-profit, membership-supported civil liberties organization working to protect consumer interests, innovation and free expression in the digital world. EFF and its over 13,000 dues-paying members have a strong interest in protecting

First Amendment rights on the Internet and promoting access to online information. This case calls on the Court to evaluate the proper balance between trademark rights and online speech, an issue of critical interest to online speakers, consumers, and technology innovators. As a leading advocate for these groups, EFF has a perspective that is not represented by the parties.

3. Public Citizen is a national public interest organization based in Washington, D.C., and has more than 3000 members in Illinois. Since its founding in 1971, Public Citizen has urged citizens to speak out against abuses by a variety of large institutions, including corporations, government agencies, and unions, and it has advocated a variety of protections for the rights of consumers, citizens and employees to encourage them to do so, as well as protecting the right of consumers to receive useful information. Along with its efforts to encourage public participation, Public Citizen has brought and defended numerous cases involving the First Amendment rights of citizens who participate in public debates. For the past decade, Public Citizen has watched with dismay as an increasing number of companies have used litigation to prevent ordinary citizens from using the Internet to express their views about the manner in which companies have conducted their affairs. Accordingly, its Internet free speech project has represented consumers, workers, investors, media companies, Internet service providers and others who have been sued for criticisms voiced on the Internet. *See generally* http://www.citizen.org/litigation/briefs/IntFreeSpch/. In these and other cases, companies and political figures have brought suit without having a substantial legal basis, hoping to silence their critics through the threat of ruinous litigation. Public Citizen attorneys have represented numerous individuals who have used trademarks online to provide information to Internet users. Public Citizen seeks both to protect the right of the public to provide hyperlinks from their online speech to other web sites that they think may be informative, and to protect the right of

its members in Illinois and elsewhere to receive useful information online.

4. Public Knowledge is a nonprofit public interest advocacy organization that represents consumers' rights in Washington, D.C. Public Knowledge works with consumer and industry groups to promote balance in intellectual property law and technology policy, ensuring that the public can benefit from new innovations, access to knowledge, and the use of content. Public Knowledge is particularly concerned with the abuse of intellectual property to curb free speech and the free flow of information.

5. The Citizen Media Law Project ("CMLP") is jointly affiliated with Harvard Law School's Berkman Center for Internet & Society, a research center founded to explore cyberspace, share in its study, and help pioneer its development, and the Center for Citizen Media, an initiative to enhance and expand grassroots media. CMLP provides education, research, and advocacy on free speech, intellectual property, and other legal issues related to citizen media and online speech generally. As part of this endeavor, CMLP recognizes the threat, should trademark law be interpreted too broadly, that companies and other trademark owners might use it to silence commentary, criticism, and unfavorable reporting online. We are concerned whenever a party seeks to use trademark law to stifle speech that is fully protected by the First Amendment.

6. The rules of court do not make any specific provision for the filing of briefs as amicus curiae in the district court, but caselaw makes clear that such filings are permitted in appropriate circumstances. *E.g.*, *Sherman ex rel. Sherman v. Township High School Dist.*, 214 540 F. Supp.2d 985, 989 (N.D. Ill. 2008); *NMHG Financial Services v. Wickes Inc.*, 2007 WL 3087146 (N.D.Ill. Oct. 17, 2007), at *3; *Chicago Lawyers' Committee For Civil Rights v. Craigslist, Inc.*, 461 F. Supp.2d 681, 683-684 (N.D. Ill. 2006).

7. Amici seek leave to file this brief in order to argue, first, that the First Amendment and trademark law protect the right to engage in commentary about companies and their employees, in the contest of reporting on business transactions or other information from the public record, and that trademark law should be construed in light of these underlying First Amendment concerns. Moreover, amici argue that trademark law authorizes a speaker to use trademarks to refer accurately to a trademark holder, including to denominate the subject of a web page about the trademark holder, and to inform those interested in obtaining more information about web sites, including the web site of the trademark holder, where they may obtain such information. Both headlines for an article, and hyperlinks within an article, are fair means to communicate truthful information about the content or subject of discussion in the article. Amici do not discuss the state law claims raised in the Complaint, except to note their skepticism that those claims can survive First Amendment scrutiny, for the same reasons that the federal trademark claims would offend the First Amendment even if they were otherwise valid under trademark law.

8. Counsel for defendants have consented to this motion for leave to file as amicus curiae. Counsel for plaintiff Jones Day has indicated that his client does not consent.

9. A copy of the proposed brief is attached and this motion is being filed on the day that defendants' motion to dismiss is due.

## CONCLUSION

The motion of Electronic Frontier Foundation, Public Citizen, Citizen Media Law Project and Public Knowledge. for leave to file the attached brief as amici curiae should be granted.

Respectfully submitted,

                                                                  /s/ Robert S. Libman
                                                                  Robert S. Libman

Miner, Barnhill & Galland
14 W. Erie Street
Chicago, Illinois 60654
(312) 751-1170

Paul Alan Levy (motion for pro hac vice admission pending)
Public Citizen Litigation Group
1600 - 20th Street, N.W.
Washington, DC 20009
(202) 588-1000

Corynne McSherry
Electronic Frontier Foundation
454 Shotwell Street
San Francisco California 94110-1914
(415) 436-9333

September 19, 2008