UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONES DAY, | ) |
| Plaintiff, | ) ) ) CASE NO. 08CV4572 |
| v. | ) Judge John Darrah |
| BLOCKSHOPPER LLC et al., | ) ) ) |
| Defendants. | ) ) |

**JONES DAY'S OPPOSITION TO ELECTRONIC FRONTIER FOUNDATION, PUBLIC CITIZEN, PUBLIC KNOWLEDGE, AND CITIZEN MEDIA LAW PROJECT'S MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE**

The Court of Appeals for the Seventh Circuit has provided clear guidelines as to when to even consider permitting the filing of an amicus curiae brief. The proposed brief attached to Electronic Frontier Foundation ("EFF"), Public Citizen, Public Knowledge, and Citizen Media Law Project's (collectively, the "Movants") Motion for Leave to File Brief as Amici Curiae (the "Motion") does not satisfy any of the grounds that the Seventh Circuit has outlined as legitimate reasons for considering such a brief. Rather, it will do nothing more than inject partisan, interest-group views into the judicial process while failing to assist the Court with any area of fact or law not covered by Defendants' Motion to Dismiss.

## I.    Partisan, Interest Group Amicus Briefs are Disfavored

This Court's decision of whether to allow the filing of an amicus curiae brief is "a matter of judicial grace." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000). It is well-established that amicus briefs should not be partisan in nature. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("The term 'amicus curiae'

means friend of the court, not friend of the party.").[1] Amicus briefs injecting "interest-group politics" into the judicial process are also disfavored. *See Nat'l Org. for Women*, 223 F.3d at 617; *Sierra Club, Inc. v. Envtl. Prot. Agency*, 358 F.3d 516, 518 (7th Cir. 2004) ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed.").

By their own admission, the Movants are partisan interest groups dedicated to opposing perceived encroachments on free speech. (*See* Motion at ¶¶ 2-5). Their fifteen page amici brief will, should the Court let it be filed, be no "friend of the court" — instead, it will simply duplicate the Defendants' twenty-five page argument and disparage the Plaintiff's. Courts in this district have refused amicus briefs for this reason alone. *See Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982) (Leighton, J.) ("[I]f the proffer comes from an individual with a partisan, rather than impartial view, the motion for leave to file an amicus brief is to be denied."); *Kostas Mechmet v. Four Seasons Hotel*, 1985 WL 766, at *1 (N.D. Ill. April 25, 1985) (Aspen, J.) ("[W]e should be reluctant to hear from amici where, as here, one party objects and the amici are so strongly aligned with the other side such that that side can, in effect, file multiple briefs in support of its position."). The role of the district court as the ultimate finder of fact heightens this sensitivity. *See Tiara Corp. v. Ullengerg Corp.*, 1987 WL 16612, at *2 (N.D. Ill. September 1, 1987) (Kocoras, J.) ("Since the principal function of the district court is resolving issues of

---

[1] Public Citizen, in its Consumer Law and Policy Blog, has challenged the Court's neutrality by describing the Court as being on Jones Day's side. Public Citizen has supported this assertion by bluntly misstating the public record in this matter. In an article entitled *Trademark Abuse by Jones Day to Suppress Free Speech* (posted on September 12, 2008 and attached hereto as Exhibit 1), Paul Alan Levy (who has moved *pro hac vice* to appear in this case on behalf of the Movants), although not present at the August 26, 2008 settlement conference, which was held in open court but for which there was no transcript, said:

> Judge Darrah reportedly tried to encourage the defendants to give up their rights by saying 'Do you know, young man, how much money it's going to cost you to defend yourselves against Jones Day?' Not surprisingly after the judge announced which side he was on, Blockshopper stipulated to a TRO barring any links to Jones Day's web site or mentions of Jones Day on BlockShopper's web site.

Putting aside whether or not the Court made this statement, which hardly evidences a lack of neutrality, the fact is that Defendants had agreed to the TRO *before* the parties ever appeared before the Court. As the Stipulation and Order (docket entry no. 20, attached as Exhibit 2) shows and as confirmed by the transcript of August 19, 2008 (attached as Exhibit 3), on the day set for hearing on Jones Day's motion for a temporary restraining order, the parties first appeared before the Court with an already executed stipulation, thus avoiding the need for any TRO hearing.

fact, district courts should go slow in accepting amicus briefs without the joint consent of the parties unless the amicus has a special interest or unless the court feels existing counsel need assistance."); *Leigh*, 535 F. Supp. at 422 (noting the "unfairness" that would result from partisan amicus briefs during summary judgment). Movants' amicus trips all of these wires: a partisan brief from interest groups offered to a district court.

## II. The Movants' Amicus Brief Fails to Meet Any of the Categories of Permissible Briefs set forth by the Seventh Circuit

In the Seventh Circuit, amicus briefs are allowed only "when a party is not represented competently …, when the amicus has an interest in some other case that may be affected by the decision in the present case …, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan*, 125 F.3d at 1063. "Otherwise, leave to file an amicus curiae brief should be denied." *Id*. Movants' brief does not fall into any of the three categories.

### A. "when a party is not represented competently"

Defendants in this case are represented competently. Defendants' counsel does not require assistance in articulating its arguments.

### B. "when the amicus has an interest in some other case that may be affected by the decision in the present case"

Movants have not articulated any interest in a separate case that may be affected by the outcome of the present litigation.

### C. "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide"

As a partisan, self-serving brief, Movants' amicus fails to meet this criterion as well. Movants' amicus brief does not possess "unique information or perspective" helpful to the Court beyond what Defendants' counsel are able to offer for their clients. Movants' brief is instead duplicative of the arguments made in Defendants' Motion to Dismiss, as is evident by a

comparison of the two briefs' argument headings. Four of the five headings in the Motion are duplicative of arguments covered Defendants' Motion to Dismiss, and the fifth raises an issue that Defendants did not even think appropriate to raise.[2] Courts in this circuit have declined to entertain amicus briefs that merely repeat what has been said before. *See Ryan*, 125 F.3d at 1064 ("The amicus brief does not tell us anything we don't know already."); *Nat'l Org. for Women*, 223 F.3d at 617 ("[N]one of the rejected briefs presents considerations of fact, law, or policy overlooked by the appellants.").

EFF seems to argue that its experience with First Amendment litigation gives them some "unique information or perspective" that is helpful to the Court. (*See* Motion at ¶ 2 ("As a leading advocate for these groups, EFF has a perspective that is not represented by the parties.")). EFF has not explained how that perspective is any different than Defendants'. Indeed, Movants' can offer no additional facts or insights to the Court — only an unnecessary regurgitation of caselaw that the Defendants already cite in their Motion to Dismiss. Indeed, "it is very rare for an amicus curiae brief to do more than repeat in somewhat different language the arguments in the brief of the party whom the amicus is supporting." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (denying motions for leave filed by the Speaker of the Illinois House of Representatives and the President of the Illinois Senate). Movants' brief will be no exception, and leave to file should be denied. *Id*. at 544 ("The judges of this court … will deny permission to file an amicus brief that essentially duplicates a party's brief.").

---

[2] The Motion's arguments in Sections I.A, I.B, I.C, and II.B are duplicative. The Motion's outlying topic under Section II.A — "'Jones Day' is Not a Famous Mark Under the Newly Amended Lanham Act" — is not an argument Defendants chose to raise in their Motion to Dismiss. The partisan, interest-group nature of the Motion is therefore compounded by its inclusion of an argument deemed irrelevant to Defendants' Motion to Dismiss, and for good reason: whether a mark is "famous" is an issue of fact not suitable for a motion to dismiss.

### III. Cases in the Motion are Distinguishable

Each of the three cases cited by the Movants in paragraph 6 of their Motion are distinguishable from the present case. None of the motions for leave to file amicus in those cases were opposed. In two of the cases — *Chicago Lawyer's Comm. for Civil Rights Under the Law, Inc. v. Craigslist, Inc.*, 461 F. Supp. 2d 681 (N.D. Ill. 2006) and *Sherman v. Township High School Dist. 214*, 540 F. Supp. 2d 985 (N.D. Ill. 2008) — amicus briefs were filed on behalf of both sides of the dispute. In the third case — *NMHG Fin. Services, Inc. v. Wickes Inc.*, 2007 WL 3087146 (N.D. Ill. Oct. 17, 2007) — the party moving for leave to file amicus was involved in a related litigation that would be affected by the case between NMHG and Wickes.

### IV. Conclusion

For the foregoing reasons, Movants' Motion for Leave to File Brief as Amici Curiae should be denied. Should the Court, in the exercise of its discretion, be inclined to grant the Motion, Jones Day requests (a) it be granted ten pages to respond to Movants' fifteen page brief, (b) this response be due on October 14, 2008 (seven days after the presentment date of Movants' Motion), and (c) in order to not adversely affect the timetable in this Court's Initial Scheduling Order, Movants not be allowed to file any reply.


Dated: September 23, 2008                                  Respectfully submitted,

By: */s/ Paul W. Schroeder*
    Paul W. Schroeder
    Illinois State Bar No. 2509113
    pwschroeder@jonesday.com
    Irene S. Fiorentinos
    Illinois State Bar No. 6188533
    ifiorentinos@jonesday.com
    Brent P. Ray
    Illinois State Bar No. 6291911
    bpray@jonesday.com
    JONES DAY
    77 West Wacker Drive, Suite 3500
    Chicago, Illinois 60601-1692
    Telephone: (312) 782-3939
    Facsimile: (312) 782-8585

***Attorneys for Plaintiff Jones Day***

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2008, I electronically filed the foregoing Opposition to Public Citizen and EFF's Motion for Leave to File Brief as Amici Curiae with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail address on file with the Court:

        Martin B. Carroll
        mcarroll@fhslc.com
        Daniel S. Hefter
        dhefter@fhslc.com
        Tracy Katz Muhl
        tkatz@fhslc.com
        Adam A. Hachikian
        ahackikian@fhslc.com
        FOX, HEFTER, SWIBEL, LEVIN & CARROLL LLP
        200 West Madison Street, Suite 3000
        Chicago, Illinois 60606
        Phone: 312-224-1230
        Attorneys for Defendants

        */s/ Paul W. Schroeder*
        One of the Attorneys for Jones Day