# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JONES DAY, ) | |
| ) | Case No. 08CV4572 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Darrah |
| ) | |
| BlockShopper LLC, *et al.* ) | |
| ) | |
| Defendants. | |

### REPLY MEMORANDUM IN SUPPORT OF
### MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE

Jones Day makes several points opposing the motion for leave to file as amici curiae, none of them meritorious.

1. Citing three opinions by Judge Posner, Jones Day argues, Br. 1-2, 3, that amicus briefs are a matter of grace, and such briefs should rarely be allowed because they are often filed by "partisan interest groups" and duplicate arguments made by parties whom the briefs support. There is no question that opinions issued by Judge Posner, particularly in his capacity as motions judge, reflect his well-known view that amicus briefs rarely tell him anything he did not know already, but those opinions are the **exception**, not the rule. Westlaw reveals more than a half-dozen reported Seventh Circuit decisions since August 1, 2008 alone where amicus briefs were allowed, and none where leave was denied.[1] In this case, the party supported is a business, but the amicus brief has

---

[1] *Steelworkers v. NLRB*, — F.3d —, 2008 WL 4192999 at *5 (7th Cir. 2008); *Germano v. International Profit Ass'n,* — F.3d —, 2008 WL 4191269 at *5 (7th Cir. 2008); *Barnes v. Black*, — F.3d —, 2008 WL 4206794 at *4 (7th Cir. 2008); *U.S. v. Chube II*, 538 F.3d 693, 694 (7th Cir. 2008); *In re Comdisco*, 538 F.3d 647, 648 (7th Cir. 2008); *Baude v. Heath*, 538 F.3d 608, 610, 615 (7th Cir. 2008); *Tammi v. Porsche Cars North America*, 536 F.3d 702, 713 (7th Cir 2008). Only one of the three Judge Posner opinions cited by Jones Day was joined by other judges; in that case, an amicus admitted that its brief was **funded** by a party, and that party suggested that amicus support

been submitted not by partisan groups but by four public interest groups with a long track record of defending free speech online and opposing abusive intellectual property claims. Jones Day also cites three cases in which district court judges denied motions for leave to file as amicus curiae, Br. 2-3, but in two of those cases, the amicus sought to introduce **evidence** that the party supported was not submitting, *Tiara Corp. v. Ullengerg Corp*, 1987 WL 16612 (N.D. Ill. Sept.1, 1987), or addressed "facts peculiar to this case" rather than more general principles of law. *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982).

  2. Jones Day objects, Br. 3-4 and n.2, that the brief should be refused both because Sections I(A), (B) and (C), and II(B) merely duplicate arguments by defendants, and because Section II(A) makes an argument that defendants do not make. If Jones Day were correct, amicus briefs should never be allowed because any argument by amicus will either duplicate an argument by a party or make an argument that the party did not make. But as noted at the outset of this brief, acceptance of amicus briefs is the rule and denial very much the exception. Moreover, if amici's brief were duplicative, Jones Day would not need an additional ten pages to address amici's arguments. At any rate, a simple comparison of BlockShopper's brief and amici's brief resolves the question. Although both briefs may point out the obvious – that Jones Day's trademark claims founder on free speech, fair use and other grounds – the amicus brief sheds a different light on the basic arguments made by BlockShopper, closely attuned to the nature of materials that can and cannot be considered on a motion to dismiss under Rule 12(b)(6), based on the distinct concerns and unique perspective of the

---

was needed because it was denied leave to file a long brief. No such sharp practices are present here.

four public interest consumer groups.[2]

3. Jones Day argues, Br. 4 n.2, that consideration of Section II(A) of the amicus brief should be precluded because whether a mark is "famous" can never be decided under Rule 12(b)(6). However, Section II(A) points out not only that most of Jones Day's allegations about public awareness of its mark are based on "niche fame" in the legal services industry and the big companies that typically hire Jones Day, but also that the one allegation apparently directed at knowledge of Jones Day's mark beyond that niche simply does not allege, as required by the Lanham Act as amended in 2006, that the mark is "**widely** recognized by the general **consuming** public **of the United States**" (emphasis added). This argument is cognizable under Rule 12(b)(6). To be sure, Jones Day may try to amend its complaint to preserve its trademark dilution claim, but that claim cannot survive as currently pleaded.

4. Finally, Jones Day takes issue with statements made by counsel for Public Citizen in a blog post published before Public Citizen entered the case, commenting on the following reported statement by the Court, "'Do you know, young man, how much money it's going to cost you to defend yourselves against Jones Day?" Br. 2 n.1. Although Jones Day goes out of its way to avoid acknowledging that the statement was made at all, it also says that the statement must have been

---

[2]Whether Jones Day needs more pages, or whether the 2200 lawyers at Jones Day (Complaint ¶ 6) need an extra week, to address merely duplicative arguments, is another matter within judicial grace. We note that although Jones Day seeks time to respond following the presentment date of the argument, that date was set because it was the first motion date that both local counsel and lead counsel could be present. Now that the motion for leave to file has been fully briefed, proposed amici waive argument unless the Court has questions for counsel. We have grave concern, however, about Jones Day's demand that BlockShopper should be denied any reply to Jones Day's opposition. In light of Jones Day's filing of a blog post as Exhibit A, we point to bullet point 3 on page 2 as particularly relevant to its quest for an opportunity to make legal arguments to which no response is allowed.

made on August 26, 2008, and hence could not have influenced defendants' decision on August 19, 2008, to stipulate to a two-month temporary restraining order ("TRO") in lieu of a TRO hearing. We accept Jones Day's implicit concession, and acknowledge that the initial stipulated TRO could not have been affected. Jones Day does not explain, however, how these facts are relevant to the grant or denial of leave to file an amicus brief. Presumably Jones Day does not argue that the exercise of a citizen's right to comment on a judicial proceeding should be punished by denial of a later request to participate in that proceeding. *See In re Snyder*, 472 U.S. 634 (1985).

## CONCLUSION

The motion of Electronic Frontier Foundation, Public Citizen, Citizen Media Law Project, and Public Knowledge for leave to file as amici curiae should be granted.

                                                  Respectfully submitted,

                                                  /s/ Robert S. Libman
                                                  Robert S. Libman

Miner, Barnhill & Galland
14 W. Erie Street
Chicago, Illinois 60654
(312) 751-1170

Paul Alan Levy (motion for pro hac vice admission pending)
Public Citizen Litigation Group
1600 - 20th Street, N.W.
Washington, DC 20009
(202) 588-1000

Corynne McSherry
Electronic Frontier Foundation
454 Shotwell Street
San Francisco California 94110-1914
(415) 436-9333

September 24, 2008