## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JONES DAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 08CV4572 |
| v. | ) | Judge John Darrah |
| | ) | |
| BLOCKSHOPPER LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### JONES DAY'S OPPOSITION TO DEFENDANTS' FEDERAL RULE OF EVIDENCE 201 REQUEST TO TAKE JUDICIAL NOTICE OF SO-CALLED "ADJUDICATIVE FACTS," WHICH APPEARS IN DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT

Defendants open their Reply by arguing that their conduct is neither infringing nor dilutive of Jones Day's marks by analogizing themselves to *The Chicago Tribune*. In particular they ask the Court to conclude that Defendants' conduct is proper because it is similar to what they describe as this newspaper's practices. Recognizing that discussion of another entity's practices requires analysis of facts that are not before the Court on this motion to dismiss, Defendants ask the Court to take judicial notice of "facts" and draw from them inferences and conclusions that either actually or hypothetically support Defendants' argument. Specifically, they reference an article in *The Chicago Tribune,* that they describe as "naming the Four Seasons and its web site, www.fourseasons.com," as evidence "that *The Chicago Tribune* reports countless web addresses of trade and service mark owners in this year alone, including the above example (10/5/08 Chi. Trib. 1, 2008 WL 18931082)." [1] (Reply Br. at 1, n.1). Pursuant to

---

[1] The Westlaw cite Defendants provide in footnote 1 does not correspond to any document. Hence, contrary to their obligations under Federal Rule of Evidence 201(d), Defendants have failed to "suppl[y]" this Court "with the necessary information in support of their request for judicial notice."

Dockets.Justia.com

Federal Rule 201(e), Jones Day objects to Defendants' request for judicial notice as improper for the several reasons discussed below.

Federal Rule of Evidence 201 applies to "adjudicative facts," which means facts that typically go to the fact finder and relate to the parties and their activities as they may be relevant to the case before the Court. *See Qualley v. Clo-Tex Int'l*, 212 F.3d 1123, 1128 (8th Cir. 2000). Rule 201 further provides that: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned." Thus, "[j]udicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties. It is an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). A court, however, cannot take judicial notice of a fact whose application is in dispute, as doing so precludes the opposing party from introducing rebuttal evidence and employing the tools of cross examination and argument necessary to test the validity of the evidence upon which a fair decision can be based. *Id.* at 1083.

As an initial matter, Defendants' attempt to inject a newspaper's practices into this stage of the proceeding under the guise of a request for the taking of judicial notice is misguided. Whatever *The Chicago Tribune* may or may not be doing is irrelevant to the motion to dismiss presently before the Court because this newspaper's practices are not the issue the Court must decide. Therefore any facts relating to this newspaper's practices cannot be considered "adjudicative" within the scope of Rule 201.

Second, Defendants are not asking the Court simply to take into account a fact or circumstance (*i.e.*, that there is a newspaper story that referenced www.fourseasons.com). But rather Defendants are asking the Court to draw inferences and conclusions from such a circumstance: that *The Chicago Tribune* reports "countless web addresses;" that such a practice is "analag[ous]" to Defendants'; and that therefore Defendants' conduct is not improper. Defendants are asking the Court to do precisely what it cannot do at this stage of the proceedings. The Court cannot look at a particular circumstance in an article that is not part of the complaint and draw from that circumstance an inference adverse to plaintiff while ruling on a motion to dismiss. Nor can the device of judicial notice of this article be used to reach an ultimate conclusion without having an evidentiary record from which to examine the context of that reference or the similarity, if any, of that reference to the issues before the Court. For example, there is no way for the Court to know whether that newspaper had received permission before linking to the website or whether the hotel paid for the link. Moreover, the current record is not even sufficiently developed to enable the Court to assess if a comparison can be made between the referenced link and the links at issue. Indeed, the current record shows that there is no similarity. For example, as the complaint's exhibits show, Defendants did not use www.jonesday.com as the link on their website, nor where they reporting on Jones Day, but rather used an embedded link triggered by an individual's name. In short, Defendants' request for judicial notice relates to a conclusion that is subject to "reasonable dispute" and therefore not appropriate for consideration at the motion to dismiss stage. *See Global Relief Found. v. N. Y. Times Co.*, No. 01 C 8821, 2002 WL 31045394, at *5 (N.D. Ill. Sept. 11, 2002) (while allowing judicial notice of the complaint itself, the court refused to give notice to documents explaining its contents because "[d]efendants wish to use the substance of the documents filed to prove that the

statements made in their respective newspapers and news programs were true."); *In re Nat'l Indus. Chem. Co.*, No. 98 C 4081, 1998 WL 887065, at *3 (N.D. Ill. Dec. 11, 1998) (holding that judicial notice of bankruptcy documents relating to a prior proceeding improper on a motion to dismiss because they were not court orders or decrees establishing the proceeding but documents filed to establish the "truth of the matters asserted within them"); *Unity House, Inc., v. First Commercial Fin. Group*, No. 96 C 1716, 1997 WL 282725, at *5 (N.D. Ill. May 19, 1997) (the court declined to take judicial notice of "facts regarding [defendants'] employment," "facts evidencing [defendants'] role" as a broker, and "facts establishing [account number] was a discretionary account" because the facts were not "adjudicative facts" under FRE 201 due to their inherent disputability).

Third, judicial notice during the motion to dismiss stage is limited to "matters of public record." *Gen. Elec.*, 128 F.3d at 1080. Contrary to Defendants' citation, "[t]he issue of whether judicial notice based on newspaper articles is permissible simply has not been resolved in the Seventh Circuit." *See Williamson v. United Airlines, Inc.*, No. 1:03-cv-1456-SEB-TAB, 2008 WL 4298090 (S.D. Ind. Sept. 15, 2008).

Defendants' efforts to inject facts at the motion to dismiss stage confirms that indeed Jones Day has stated legitimate claims and this dispute can only be resolved by an evidentiary hearing where the point that Defendants seek to raise here may well become part of the record, if it has the proper evidentiary support, but where Jones Day will have the opportunity to show how Defendants' practices do differ from those of *The Chicago Tribune* and other publications, and prove that accepting Jones Day's claims will not bring "the end of the Internet as we know it…." (Reply Br. at 15).

Accordingly, Defendants' request for this Court to take judicial notice should be denied and the last sentence on page 1 of Defendants' reply plus footnote 1 thereto should be stricken.

Dated:  October 23, 2008

Respectfully submitted,

By: */s/ Paul W. Schroeder*
    Paul W. Schroeder
    pwschroeder@jonesday.com
    Irene S. Fiorentinos
    ifiorentinos@jonesday.com
    Brent P. Ray
    bpray@jonesday.com
    JONES DAY
    77 West Wacker Drive, Suite 3500
    Chicago, Illinois 60601-1692
    Telephone:  (312) 782-3939
    Facsimile:  (312) 782-8585

***Attorneys for Plaintiff Jones Day***

# CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2008, I electronically filed the foregoing **JONES DAY'S OPPOSITION TO DEFENDANTS' FEDERAL RULE OF EVIDENCE 201 REQUEST TO TAKE JUDICIAL NOTICE OF SO-CALLED "ADJUDICATIVE FACTS," WHICH APPEARS IN DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail address on file with the Court:

> Martin B. Carroll
> mcarroll@fhslc.com
> Daniel S. Hefter
> dhefter@fhslc.com
> Tracy Katz Muhl
> tkatz@fhslc.com
> Adam A. Hachikian
> ahackikian@fhslc.com
> FOX, HEFTER, SWIBEL, LEVIN & CARROLL LLP
> 200 West Madison Street, Suite 3000
> Chicago, Illinois 60606
> Phone: 312-224-1230
> Attorneys for Defendants
>
> Paul Alan Levy
> plevy@citizen.org
> Public Citizen Litigation Group
> 1600 – 20th Street, N.W.
> Washington, DC 20009
> Phone: 202-588-1000
> Attorney for Movants to File Amicus

*/s/ Paul W. Schroeder*
One of the Attorneys for Jones Day