Jones Day v. BlockShopper.com et al                                                                          Doc. 55

*HHN*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONES DAY, ) | |
| a General Partnership, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 CV 4572 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| BLOCKSHOPPER LLC, d/b/a ) | |
| Blockshopper.com, a Missouri Limited ) | |
| Liability Corporation; BRIAN TIMPONE; ) | |
| and EDWARD WEINHAUS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Docket Nos. 40, 43.) Also pending is the Motion of Electronic Frontier Foundation, Public Citizen, Public Knowledge, and Citizen Media Law Project for Leave to File Brief as *Amici Curiae* Supporting Defendants' Motion to Dismiss Plaintiff's Trademark Claims (Docket No. 39.) For the reasons stated below, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is granted as to the claims alleged against individual defendants Timpone and Weinhaus and is otherwise denied. The Motion for Leave to File Brief as *Amici Curiae* is denied.

## BACKGROUND

This case concerns Defendants' use of Plaintiff's name and website information in their business of reporting on residential real estate transactions in Chicago

1

dockets.Justia.com

neighborhoods. The following facts are alleged in Plaintiff's Amended Complaint ("Complaint"). Defendant Blockshopper LLC ("Blockshopper") is a Missouri limited liability corporation, having its place of business in Chicago. Defendants Timpone and Weinhaus are members of Blockshopper and co-founded, registered and own the internet website located at the domain www.blockshopper.com. Blockshopper is in the business of gathering and publishing details of private real estate transactions.

Jones Day is a large, international general partnership law firm with an office in Chicago, among other cities. Jones Day is the owner of two United States Service Mark Registrations, Numbers 2,316,539 and 2,212,877, for the mark JONES DAY in connection with "Legal Services." As a result of the high quality of legal services it has provided to its clients and its reputation as one of the premier law firms in the United States and world, Jones Day's name and service marks have become very valuable assets and are famous. (Complt., ¶ 15.) Jones Day has spent millions of dollars marketing its services using the Jones Day Marks; and as "a direct result of the time and effort promoting the Jones Day Marks, Jones Day's clients, its competitors and the general public have come to associate high quality legal services provided by Jones Day by its use of the name and service mark JONES DAY in both word and stylized form." (Complt., ¶ 16.)

On at least two occasions, Defendants have used the Jones Day Service Marks on the blockshopper.com website and have linked articles on the website to the Jones Day website. Exhibit D of the Complaint pertains to reports appearing on blockshopper.com of facts of residential real estate transactions made by two Jones Day associate lawyers,

Dan Malone and Jacob Tiedt. The report states the facts of real estate transactions of the Jones Day associates, displays their pictures, and states that the associates work for Jones Day. In addition, the report includes links to information about these associates appearing within Jones Day's website.

Jones Day contends Defendants' use of the Jones Day Marks, the links to the Jones Day website, and the use of proprietary information from the Jones Day website create the false impression that Jones Day is affiliated with and/or approves, sponsors or endorses Defendants' business, which it does not.

Arising from these facts, Jones Day alleges five claims for relief against Blockshopper and Timpone and Weinhaus: service mark infringement pursuant to 15 U.S.C. § 1114 and 1125(a) (Count I); federal false designation of origin pursuant to 15 U.S.C. § 1125(a) (Count II); federal service mark dilution pursuant to 15 U.S.C. § 1125(c) (Count III); unfair business practices under the Illinois Uniform Deceptive Trade Practices Act (Count IV); and infringement and unfair competition under Illinois common law (Count V).

## LEGAL STANDARD

Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) if the factual allegations of the complaint, viewed in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief. *Bell Atlantic Corp v. Twombly*, __ U.S.__, 127 S. Ct. 1955, 1968-69 (2007) (*Bell Atlantic*). In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations are accepted as true and all reasonable inferences are construed in favor of the plaintiff. *Sprint Spectrum L.P. v. City*

*of Carmel, Indiana*, 361 F.3d 998, 1001 (7th Cir. 2004). "A plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, __ F.3d __ (7th Cir. 2008), 2008 WL 2168638 (7th Cir. 2008) (internal quotations omitted). However, "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above a speculative level.'" *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1068-69). If the complaint fails to provide such allegations, "the plaintiff pleads itself out of court." (*Id.*)

## ANALYSIS

*Service Mark Dilution Under 15 U.S.C. § 1125(c)(1)*

Blockshopper first moves to dismiss Jones Day's federal trademark dilution claim alleged under 15 U.S.C. § 1125(c)(1) (Count III). The anti-dilution provision of the Lanham Act, 15 U.S.C. § 1125(c)(1), provides:

> Subject to the principles of equity, the owner of a famous mark . . . shall be entitled to an injunction against another person who . . . use[s] . . . a mark or trade name . . . that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

15 U.S.C. § 1125(c)(1).

Blockshopper argues that Jones Day has not adequately pled a dilution claim because Jones Day has not alleged that Blockshopper uses a mark similar to Jones Day's to identify Jones Day as the source of Blockshopper's news services. Rather,

4

Blockshopper identifies itself as "BLOCKSHOPPER.COM" and uses the words "Jones Day" in its reporting only to identify Jones Day as Tiedt and Malone's employer. (Def. Mem. at 7.) According to Blockshopper, because Blockshopper's mark is wholly dissimilar from the Jones Day mark, there can be no dilution by blurring or tarnishment of the Jones Day mark as a matter of law. Blockshopper contends for there to be dilution, it would be necessary that Blockshopper used the words Jones Day or something similar as "the source identifying mark of Blockshopper's news services." (Blockshopper Mem. at 14.)

Jones Day disputes Blockshopper's position that there can be no liability for dilution under the facts alleged. Relying on *Vulcan Gold LLC v. Google, Inc.*, 553 F.Supp.2d 752, 774 (N.D. Ill. 2008) (*Vulcan*), Jones Day contends actionable dilution can exist where, as here, Blockshopper connects to Jones Day's mark via deep, embedded links to its website, which is likely to create the false impression that Jones Day is affiliated with, sponsors, or endorses Blockshopper's business. (Jones Day Mem. at 6.)[1]

Blockshopper further argues that even if Jones Day's allegations were sufficient to state a claim of blurring or tarnishment under 15 U.S.C. § 1125(c)(1), such a claim would be excluded under two statutory exclusions set forth in 15 U.S.C. § 1125(c)(3), the "news reporting and news commentary" exclusion and the "nominative fair use" defense.

---

[1] Jones Day explains that a "deep" link is a hyperlink that takes a user directly to a webpage beyond the homepage of the target website, and an "embedded" link is a hyperlink that is placed on a word or name, rather than on a URL address, such as www.jonesday.com. (Jones Day Mem. at 8, n.3.) Jones Day alleges the links at issue here are both deep and embedded.

5

(Blockshopper Mem. at 8-12.)[2]

Jones Day also disputes that Blockshopper's acts fall within the asserted exceptions. Jones Day asserts the news reporting and news commentary exception does not apply because Blockshopper's use of Jones Day's mark is not done to report news or provide commentary but, rather, is used to create the false impression that Jones Day approves, supports or is in some way affiliated with Blockshopper's business so as to bolster the content of Blockshopper's website and generate advertising revenue. (Jones Day Mem. at 10.) Jones Day also disputes that the elements of a nominative fair use defense exist here (*i.e.*, that the product or service in question is one not readily identifiable without use of the mark; that only so much of the mark was used as was reasonably necessary to identify the product or service; and that Defendants did

---

[2] 15 U.S.C. § 1125(c)(3) states:

(3) Exclusions. The following shall not be actionable as dilution by blurring or dilution by tarnishment under this subsection:

(A) Any fair use, including a nominative or descriptive fair use . . . of a famous mark by another person . . . including use in connection with –
    (i) advertising or promotion . . .; or
    (ii) identifying and parodying, criticizing, or commenting upon the famous mark owner or the goods or services of the famous mark owner.
(B) All forms of news reporting and news commentary.
(C) Any noncommercial use of a mark.

Blockshopper contends its reference to Jones Day and its links to Jones Day's website are part of its factual reporting on the real estate transactions of Jones Day associates and, therefore, are "news reporting and news commentary" under 15 U.S.C. § 1125(c)(3). It contends its reference to Jones Day in its reporting is also a "nominative fair use" because using the words "Jones Day" is necessary to its message of identifying Malone and Tiedt's employer. (Pltf. Mem. at 12.)

6

absolutely nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder). (Jones Day Mem. at 13, citing *New Kids on the Block v. New Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992). Jones Day contends the elements of the defense, in any event, cannot be established on the basis of the allegations of the Complaint and are not properly resolved on a motion to dismiss. (Jones Day Mem. at 14-15.)

The Complaint must allege a claim of trademark dilution for purposes of surviving a motion to dismiss under Fed. R. Civ. P. 12(b)6). The elements of a trademark dilution claim are: (1) plaintiff's mark is famous, (2) defendant adopted use of plaintiff's mark after the mark became famous, (3) defendant diluted plaintiff's mark, and (4) defendant's use of plaintiff's mark is commercial and in commerce. *AM General Corp. v. Daimler Chrysler Corp.*, 311 F.3d 796, 811 (7th Cir. 2002). The Complaint sufficiently pleads these elements. *See also Vulcan*, 552 F. Supp.2d at 774 (denying motion to dismiss dilution claim where plaintiffs alleged that defendants engaged in a scheme to profit from the plaintiffs' trademarks by creating webpages associated with domain names that are similar to the plaintiffs' names or marks). Blockshopper's arguments that dilution is impossible on the facts and that its use of Jones Day's mark falls within statutory exceptions present legal and factual issues not appropriate for resolution at this motion to dismiss stage. Accordingly, Defendants' motion to dismiss Jones Day's dilution claim is denied.

*Claims Requiring Allegations of Likelihood of Confusion*

Blockshopper moves to dismiss the rest of Jones Day's substantive claims (Counts I, II, IV and V), which all require allegations demonstrating a "likelihood of confusion." Blockshopper argues the claims should be dismissed because no plausible finding of confusion could be made between Blockshopper's business and Jones Day. Relying on pages of its website publication attached to Jones Day's Complaint, Blockshopper points out that Jones Day is not the only mark or trade name used in its articles and argues that "[i]t is inconceivable, despite Jones Day's conclusory allegations, that any reader of Blockshopper's site would identify Jones Day out of the dozens of [other] listed employers and entities . . . and conclude that Jones Day sponsored or is affiliated with Blockshopper." (Blockshopper Mem. at 17.)

However, Jones Day has alleged that "Defendants' use of the Jones Day Marks, in connection with their real estate advertisement scheme, is likely to deceive and cause confusion and mistake among customers as to the source of origin of the services provided or offered for sale by Defendants and the affiliation of Jones Day with those services and/or the sponsorship or endorsement of those services by Jones Day." (Complt., ¶ 38.) This is sufficient to plead likelihood of confusion.
See *Triple Canopy, Inc. v. Moore*, Case No. 04C3265, 20005 WL 1629768, *11 (N.D.Ill. July 1, 2005) ("Whether a likelihood of confusion exists is a question of fact. . . . It is important to note that [plaintiff] need not prove the likelihood of confusion at the pleading stage. [Plaintiff] is only required to allege that [defendant's] actions are likely to lead to confusion."); *Vulcan*, 552 F. Supp.2d at 469 ("The plaintiffs need not prove their

case at this point in time, they need only adequately plead sufficient facts such that their claim is "plausible" and puts the defendants on notice of the claims against them such that the defendants can respond.")

It cannot be said, at this pleadings stage, that Jones Day's allegations of confusion are implausible. Accordingly, Blockshopper's motion to dismiss is denied as to Counts I, II, IV and V.

### Claims Against Timpone and Weinhaus

Finally, Defendants move to dismiss Jones Day's claims as alleged against individual defendants Timpone and Weinhaus. Blockshopper cites *Dangler v. Imperial Machine Co.*, 11 F.2d 945, 947 (7th Cir. 1927) (*Dangler*), for the proposition that to impose infringement liability on individual officers of a corporation, there must be a "special showing" that the officers acted willfully and knowingly and personally participated in the infringing acts or otherwise used the company to carry out their own deliberate infringement. Blockshopper contends Jones Day's allegations that Timpone and Weinhaus co-founded and registered the Blockshopper website are insufficient to meet this heightened pleading standard.

Jones Day does not dispute Blockshopper's assertion that the "special showing" articulated in *Dangler* is required to hold an individual officer liable for infringing acts of a corporation. However, Jones Day contends, the special showing required in *Dangler* is arguably an evidentiary standard, not a heightened pleading requirement. Further, Jones Day contends, the facts alleged in the Complaint that Timpone and Weinhaus co-founded and own blockshopper.com and use the website to operate blockshopper.com's

9

business, coupled with the representations on blockshopper's website listing only Timpone and Weinhaus as contacts, are sufficient to provide a basis to claim Timpone and Weinhaus personally liable. Jones Day contends the alleged facts in addition to those gleaned from the blockshopper.com website are sufficient, when viewed in the light most favorable to Jones Day, to support an inference that Timpone and Weinhaus are "'the moving force' behind Blockshopper.com's operations, and have oversight, control and direction over its content, which includes the unlawful use of the Jones Day Marks." (Jones Day Mem. at 21-22.)

*Dangler* held as follows with respect to the personal liability of corporate officers for infringement by their corporation:

> [I]n the absence of some special showing, the managing officers of a corporation are not liable for the infringements of such corporation, though committed under their general direction. . . . It is when the officer acts willfully and knowingly - that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability– that officers are held jointly with the company.

*Dangler*, 11 F.2d at 947.

As this Court has previously recognized, *Dangler* is still the law in this Circuit and has been applied to trademark and patent cases. *Peaceable Planet, Inc. v. Ty, Inc.*, 185 F.Supp.2d 893, 896 (N.D.Ill. 2002). This Court has also recognized that in addition to the factors in *Dangler*, a plaintiff can meet the "special showing" requirement "by pleading that the defendant was 'the founder, president, and majority shareholder of the defendant corporation and the 'moving force' behind the corporation's alleged infringing

10

activities' and had "'willfully and deliberately induced, aided and abetted the past and continuing infringement.'" *Peaceable Planet,* 185 F.Supp.2d at 896. However, the required special showing is not met "when the individual defendant has done nothing beyond the scope of his duties as officer and the corporation 'was not organized to permit the individual defendant to profit from the infringement or hide his personal liability under a corporate shell' so that the alleged infringement was not willful." *Id.*

Even assuming the alleged conduct of blockshopper.com is ultimately found to constitute illegal infringement, the Complaint does not contain sufficient allegations to plausibly state a claim of individual liability against Timpone and Weinhaus. There are no allegations that Timpone and Weinhaus organized blockshopper.com for the purpose of committing infringing acts or that they willfully participated, directed or ordered the allegedly infringing acts here. The only facts alleged in the Complaint as to Timpone and Weinhaus are that Timpone and Weinhaus: (1) "co-founded, registered and own the internet website located at the domain blockshopper.com" and (2) are "now members of Defendant Blockshopper LLC" and, together with Blockshopper LLC, "are now doing business as Blockshopper.com and use the Web Site to operate that business." (Complt., ¶¶ 20, 21.) These allegations are clearly insufficient to allege the special showing required to hold an individual officer liable. *See The Drink Group, Inc. v. Gulfstream Communications, Inc.,* 7 F. Supp.2d 1009, 1010-11 (N.D. Ill. 1998) (allegations that individual officers were "principal of" and "driving force behind" allegedly infringing activities of Defendant Drink Magazine, LLP insufficient to state a claim against officers where plaintiffs failed to allege any facts demonstrating wrongdoing by the individual

defendants; the mere fact that officers incorporated the defendant magazine was "innocuous in the absence of allegations that, at the time of incorporation, they were motivated by some improper purpose or acting outside the scope of their corporate duties.")

The Complaint alleges insufficient facts to state claims against Timpone and Weinhaus. Defendants' motion to dismiss the Complaint as alleged against Timpone and Weinhaus is granted.

*Motion for Leave to File Amicus Brief*

This leaves the motion of various public interest entities to file a brief as *amici curiae*, supporting defendants' motion to dismiss. (Docket No. 39.) The non-party movants wish to file a brief addressing the propriety of Jones Day's alleged infringement and dilution claims in light of First Amendment concerns.

Permitting an *amicus curiae* brief is discretionary. *National Organization for Women, Inc. v. Scheidler, et al.*, 223 F.3d 615, 616 (7th Cir. 2000). The Seventh Circuit has cautioned against *amicus* briefs that do not "assist the judge . . . by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices, et al. v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003). An *amicus* brief should only be permitted in "a case in which a party is inadequately represented; or in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case; or in which the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide." *Voices for Choices*, 339 F.3d at 545. These circumstances are not

present here, and an *amicus curiae* brief would not now be helpful. Accordingly, the motion for leave to file a brief as *amici curiae* supporting defendants' motion to dismiss is denied.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is granted as to the claims alleged against individual defendants Timpone and Weinhaus. The Motion to Dismiss is otherwise denied. The Motion of Electronic Frontier Foundation, Public Citizen, Public Knowledge, and Citizen Media Law Project for Leave to File Brief as *Amici Curiae* is denied.

Date: November 13, 2008

JOHN W. DARRAH
United States District Court Judge